NAME JAMES HAMMOND

PRISON NUMBER F03607

CURRENT ADDRESS OR PLACE OF CONFINEMENT
2302 BROWN ROAD

CITY, STATE, ZIP CODE
IMPERIAL CA 92251

2254 ✓ 1983
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO
Court ✓ ProSe ___

Original

FILED
JUN 12 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

JAMES HAMMOND ,
(FULL NAME OF PETITIONER)

PETITIONER

v.

,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])
WARDEN V.M. ALMAGER

RESPONDENT

and

The Attorney General of the State of California, Additional Respondent. ,

Civil No. '08 CV 1051 JM NLS
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: SAN DIEGO COUNTY COURT (NORTH COUNTY) 325 MELROSE VISTA CA 92083

2. Date of judgment of conviction: AUGUST 25 2005

3. Trial court case number of the judgment of conviction being challenged: SCN 186835

4. Length of sentence: 26 YEARS AND 8 MONTHS

5. Sentence start date and projected release date: 10-31-2005 TO 1-10-2026

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
266 H,
266 H & I

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☑
   (b) Judge only ☐

9. Did you testify at the trial?
☐ Yes ☑ No

**DIRECT APPEAL**

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
☑ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
   (a) Result: CONVICTION AFFIRMED
   (b) Date of result (if known):
   (c) Case number and citation (if known): D047458
   (d) Names of Judges participating in case (if known):
   IRION.
   (e) Grounds raised on direct appeal: FACTUAL IMPOSSIBLE TO COMPLETE OFFENSE, APPELLANT ONLY COLLECTED THE AGENCY FEE. TRIAL COURT ERRED REVERSIBLY IN FAILING TO INSTRUCT ON LESSER OFFENSE OF ATTEMPTED PANDERING AND PIMPING MISTAKE OF FACT. ENTRAPMENT INEFFECTIVE ASSISTANCE OF COUNSEL. INSUFFICIENCY OF EVIDENCE

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
   (a) Result: CONVICTION AFFIRMED
   (b) Date of result (if known):
   (c) Case number and citation (if known):
   (d) Grounds raised: SAME AS IN COURT OF APPEAL

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:
    (a) Result:
    (b) Date of result (if known):
    (c) Case number and citation (if known):
    (d) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☑ Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:
    (a) **California Superior Court** Case Number (if known):
    (b) Nature of proceeding: HABEAS CORPUS
    (c) Grounds raised: ELEMENTS NOT PROVEN, SHACKLING BY COURT JUROR SAW WAS PREJUDICIAL, IN VALID SEARCH WARRANT NOT SIGNED, PETITIONER DID NOT DERIVE LIVING ON THE PROCEEDS OF PROSTITUTION. DEFENDANT WAS ENTITLED TO A LESSER INCLUDED OFFENSE. ENTRAPMENT
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☑ No
    (e) Result:
    (f) Date of result (if known):

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☒ Yes ☐ No

**17.** If your answer to #16 was "Yes," give the following information:

(a) **California Court of Appeal** Case Number (if known):

(b) Nature of proceeding:

(c) Names of Judges participating in case (if known)

(d) Grounds raised: SHACKELS WAS PREJUDICAL
PETITION NEVER DEPRIVED SUPPORT OF THE EARNING OF A PROSTITUTE
LESSER OFFENSE INCLUDED INSTRUCTIONS.
Ineffectiveness of counseL

(e) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

(f) Result:

(g) Date of result (if known):

**18.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes ☒ No

**19.** If your answer to #18 was "Yes," give the following information:

(a) **California Supreme Court** Case Number (if known):

(b) Nature of proceeding:

(c) Grounds raised:

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

(e) Result:

(f) Date of result (if known):

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☒ Yes ☐ No (IF "YES" SKIP TO #22)
(a) If no, in what federal court was the prior action filed?
(i) What was the prior case number?
(ii) Was the prior action (CHECK ONE):
Denied on the merits? ☐
Dismissed for procedural reasons? ☐
(iii) Date of decision:
(b) Were any of the issues in this current petition also raised in the prior federal petition?
☐ Yes ☐ No
(c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
☐ Yes ☐ No

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present ***all*** other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) GROUND ONE: THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE JUDGEMENTS BECAUSE PETITIONER ONLY COLLECTED THE AGENCY FEE. Violating Petitioner 6TH ADMENDMENT OF A FAIR TRIAL & 14th ADMENDMENT

Supporting FACTS: ① ALL TESTIMONY FROM ALL DANCERS INVOLVED SAID PETITIONER WAS ONLY INTERESTED IN THE AGENCY FEE
② ONLY ONE TIME MORE THAN AGENCY WAS TAKEN AND IT WAS TAKEN BY THIRD PARTY (SEE Vol. 5 R.T. pp 564-565)
③ ALL TESTIMONY OF PROSECUTION WITNESSES STATE THAT PETITIONER NEVER TOOK MORE THAN THE AGENCY FEE THIS WAS ADMITTED BY THE DETECTIVE HIMSELF
④ PETITIONER RAN A LEGITIMATE BUSINESS LICENSED ESCORT SERVICES AND HAD PLENTY OF DANCERS ONLY TWO WENT OUTSIDE THE SCOPE OF THEIR SIGNED CONTRACT.
⑤ THERE WAS NO EVIDENCE THAT PETITIONER COLLECTED REVENUE FROM ACTS OF PROSTITUTION JUST DANCING FEE THERE WAS NOT EVEN INCOME TAX EVIDENCE OR PROPERTY EVIDENCE TO SHOW A LAVISH LIFESTYLE OF A PIMP.

SEE ATTACH PAGES

Did you raise GROUND ONE in the California Supreme Court?

☐ Yes ☒ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

(b) **GROUND TWO**: TRIAL COURT ERRED IN FAILING TO INSTRUCT ON LESSER OFFENSES OF ATTEMPTED PANDERING AND PIMPING, AS WELL AS APPLICABLE DEFENSES OF FACTUAL IMPOSSIBILITY, MISTAKE OF FACT, AND ENTRAPMENT. Violating Petitioner Due Process Rights

**Supporting FACTS:**

(1) A LESSER INCLUDED OFFENSE WITH THE EXACT ELEMENTS AND IN MORE DETAILED ACTS OF WHAT PETITIONER DID

(2) PETITIONER RAISED EVIDENCE OF FACTUAL IMPOSSIBILITY DURING TRIAL

(3) PROSECUTION ACKNOWLEDGE ITSELF THE DEFENSE OF FACTUAL IMPOSSIBILITY AND ENTRAPMENT

(4) PETITIONER DID NOT KNOW THAT IF YOU COLLECTED AGENCY FEE FROM DANCERS AND IF A COUPLE OF DANCERS GO MORE WITHOUT HIS PERMISSION HE WOULD BE CONSIDERED A PIMP.

(5) PENAL CODE 653.23 IS A LESSER INCLUDED OFFENSE OF 266h & 266i. THIS IS DESIGNATED IN SUBDIVISION (D) OF THAT SECTION. YET IT WAS NOT GIVEN AS A INSTRUCTION. (IT SHOULD BE NOTED THAT IN THIS GROUND THE PENAL CODE 653.23 WAS NOT RAISED BUT IT IS A LESSER INCLUDED OFFENSE OF 266h + 266i OF THE CALIFORNIA PENAL CODE. IT IS RAISED IN A PETITION IN STATE COURTS NOW.

SEE ATTACH page

**Did you raise GROUND TWO in the California Supreme Court?**

X No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

(c) **GROUND THREE**: APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN COUNSEL'S FAILURES TO MOVE FOR MISTRIAL AND FAILURE TO OBJECT ON A MYRIAD OF ERRORS WHICH CONSTITUTE A violation OF Petitioner 6th AMENDMENT RIGHT.

**Supporting FACTS:**

① PETITIONER COUNSEL FAILED TO MOVE FOR MISTRIAL WHEN JURORS REPEATEDLY SAW HIM IN SHACKLES

② FAILURE TO OBJECT WHEN THE FOLLOWING INCIDENTS AROSE AT TRIAL

A: WHEN PROSECUTION SHOWED JURORS IN PHOTOS THAT SUGGESTED HE IS A GANG MEMBER

B: THERE WAS IRRELEVANT PREJUDICIAL EVIDENCE OF IMMORAL CONDUCT AND UNCHARGED OFFENSES

③ PETITIONER'S TRIAL COUNSEL ADMITTED THESE ERRORS IN AN AFFIDAVIT SUPPORTED FOR HIS MOTION FOR NEW TRIAL AND ADMITTED THERE WAS NO TACTICAL BASIS FOR HIS MISTAKES.

SEE Attach page

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☑ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

(d) GROUND FOUR: IF ALL CONTENTIONS OR GROUNDS RAISED IN THIS PETITION ARE SUPPORTED BY BOTH STATE & FEDERAL LAW THEN PETIONER RELIES ON THE 14TH AMENDMENT AS THE FINAL GROUND DUE TO EQUAL PROTECTION OF THE LAW.

**Supporting FACTS:**

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☒ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☑ Yes ☐ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court: Superior Court of SAN Diego County

(b) Case Number: SCN 186835

(c) Date action filed: June 5. 2008

(d) Nature of proceeding: HABEAS CORPUS

(e) Name(s) of judges (if known):

(f) Grounds raised:
SHACKELS
Lesser Included offense Instructions
ineffectiveness of Attorney

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☑ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing........ GEORGE W. PETERSON STATE BAR NO. 35154 410 SOUTH MELROSE DRIVE, SUITE 200 VISTA CA 92081 (760) 940-6460

(b) At arraignment and plea.......

(c) At trial..................... SAME AS PRELIMINARY

(d) At sentencing............... " " "

(e) On appeal.................. BARBARA SMITH P.O. BOX 15 SPRING VALLEY CA 91976 PH(619) 670-0676 STATE BAR NO. 76223

(f) In any post-conviction proceeding.

(g) On appeal from any adverse ruling in a post-conviction proceeding:

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☒ Yes ☐ No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☒ No

(a) If so, give name and location of court that imposed sentence to be served in the future:

(b) Give date and length of the future sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes ☐ No

**28.** Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court:

06/10/08

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

N/A

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

06/10/08

(DATE)

SIGNATURE OF PETITIONER

JAMES HAMMOND
2302 BROWN RD C-4-143
P.O BOX 921
Imperial. CA 92251

UNITED STATES DISTRICT COURT
SOUTHREN DISTRICT OF CALIFORNIA

JAMES HAMMOND
V
WARDEN

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HABEAS CORPUS

THE UNITED STATES CONSTITUTION GUARNETEES CRIMINAL DEFENDANTS DUE PROCESS. WHICH FORBIDS CONVICTION FOR CRIMINAL CHARGES UNLESS THERE IS NO SUBSTANTIAL AND CREDIBLE EVIDENCE ESTABLISHING EVERY ELEMENT OF THE OFFENSE. JACKSON VS VIRGINIA (1979) 443. U.S. 307, 318, [61 L.Ed 2d. 560. 573. 99. S.CT 2781. PETITIONER PLEADS TO THE COURT THAT THE EVIDENCE NEVER SHOWED PETITIONER DERIVED SUPPORT FROM ACT OF PROSTITUTION. PETITIONER NEVER TOOK OVER THE AGENCY FEE. AND THE ONE TIME IT DID HAPPEN. WITH A THIRD PARTY WAS THE RECIEPIENT OF THE MONEY. SEE VOL 5 R.T. PP 564-565. THE PETITIONE RAN A LEGITIMATE LICENSE BUSINESS THE PROSECUTION SHOWED NOT ONE SHRED OF EVIDENCE OF OVER EXCESSIVE INCOME WITH ITS EARNING OF HIS LEGITIMATE BUSINESS

(GROUND 2)

PETITIONER STAND ON THIS GROUND ON SEVERAL FRONTS FIRST THE STATE & FEDREAL COURT AGREE ON THIS ISSUE AS SEEN IN U.S. VS POWELL 932 F. 2d 1337 (9th CIR 1991) "Failure to Give Unrequested Instruction is Reviewed for plain error which is found only in exceptional circumstance when error is highly prejudicial, Affects Substantial Rights And when It is Highly probable That error materially Affected verdict (pg 1341.)

BOTH DUE PROCESS + Procedural Due Process Are substantial Rights. They Both entail or are subset of A Right to A fair trial Another substantial Right which Derives to the Jury Being instructed on all elements of the crime. Also To Be instructed Correct Jury Instructions which Fit the Totality of the Alleged wrong doing. In this case the Jury Aquited Several Counts More Counts were Acquitted than the one convicted Here is A Point Were A lesser Included offense would Have been Highly Probable. To Not ask for A lesser Included offense with A Barage of Counts Aginst A Defendant is not A Good Tatical Move As Cited in Criminal Law 795 (1) Fed Practice Dig 4th.

"Instruction on lesser Included offense shown by the Evidence Avoid forcing The Jury into an All or Nothing choice That could lead to An unwarranted conviction"

Although Petitioner Did Not State California Penal code 653.23 was not cited as A lesser offense. A lesser offense is A lesser offense which lesser offense should not

(Cont Ground 2)

Matter For Purposes of Making this Argument or contention More Effective And More Persuasive. Petitioner Hammond Brings To The Court.

California Penal code 653.23 (Supervision of Prostitute) Sec(B) Among The Circumstances That may Be Considered in Determining Wether A Person is in Violation of subdivison (a) Are As Follow (1) Repeatedly Speaks to or Communicates With Another Person Who is Acting in Violation of subdivison (a) of section 653.22 (6) Recieves or Appears To Recieve Money From Another Person Who is Acting in Violation of Subdivison (a) of Sec 653.22.

Petitioner Shows the Court Circumstance 1 & 6 Of Penal Code 653.23 There Are A totality Of 9 Circumstances Delignte in the Code. The words "Appear To Recieve" Fit Petitioners Circumstances in His Case As He Never Collected over the Agency fee Just as With Adult entertainment Establishment The Workers Keep the Tips And Pay the Fee for Dancing At The Establshment. Here Police Officers Assumed That mR Hammond Was Recieving Proceeds from the Act Of Prostitution But the evidence Shows To the Contrary See Vol 5 R.T. Pg 563. Randi C Told Dectective Reyes Petitioner Was only Interested in Agency fee. Also Randi C Never Considerd Appellant Her Pimp (Vol 4 R.T. 392) Naomi Said Appelant Never Discussed Splitting Agency fee And Never took Her Tips

(CONT GROUND 2)

SEE VOL 3 R.T. (PP 287-288). TO FURTHER STAND ON This CONTENTION AND Being Well on firm GRound. IN U.S. V POWell A NINTH CIRCUIT COURT. DEFendant IS entitled to lesser INcluded offense Instruction when elements of ~~[illegible]~~ lesser included offense ARE subject of element OF CHARGED offense And factual BASIS SUPPORT Such an Instruction (US V Powell At 1341) Here The elements are equal But the Factul BASIS SUPPORT the lesser Included offense, it is here At this Point the Reader may Reflect And with Prudent ANALYSIS AGREE WITH the Petitioner Contention The U.S. SUPREEM COURT Has Warned States Court OF there DUTY to GIVE INSTRUCTIONS that Fully CANVASS The matter:

A TRIAL JUDGES DUTY to GIVE Instructions Sufficent to EXPLAIN the LAW. Time After Time Appelant Courts have found JURY Instruction To Be Insufficiently Clear Without any Record that the JURY Manifested its Confusion one need look at PERRY V. JOHNSON 532 US 782. 150 LED 2d 9. 121 S Ct 1910 (2001) for A Recent Example See Kelly Vs CAROLINA 546 US 246. 151. L Ed 2d 670 122 S.CT. 726 AT 681. OF 151. LED 2d. PETITIONER PUTS It IN LAYMAN TERM the JURY is the Questioner of Facts the Question OF A LESSER Included is not The JURYS DUTY. NOR It BE the TRIAL LAWYER In Fact the California Supreem COURT held TRIAL COURT has A SUASPONTE

Cont Count 2

Duty To Instruct on lesser and Necessarly Included Crimes But that a failure To so Instruct was No longer Subject to the second Automatic Reversal Standard Embodied in Cal. Const Art VI #13 Miscarriage of Justice 19 Cal 4th 142 [77 Cal Rptr 2d 870 960 P2d 1094 People v Breverman. When Reading sect (a) of Penal code 653.23 Implies that this Section of the Penal Code Is a lesser Included offense of 266 H & 266 I It should Be Noted Penal Code 653.23 is used here Just to show that a lesser Included offense was Available But Not Given. A Duty of the trial Court Agreed and Supported By Both the State & Federal opinions Mandated By U.S. Supreem Court yet equal Protection of the Law within the Meaning of ~~the~~ was not executed In Lower Courts.

PETITIONER GROUND THREE IAC

If Petitioner Counsel would have Properly objected to move for a mistrial A Different Result would have bee Proposed Confusing The Juror By saying evidance outside of the Court Room

JAMES HAMMOND F-03607
CSP-Centinela-C-4-143
PO BOX 921
Imperial CA 92251

PETITIONER/DEFENDANT
IN PROPRIA PERSONA

UNITED STATES DISTRICT COURT
SOUTHREN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HAMMOND, PETITIONER, vs. V.M. ALMAGER, RESPONDENTS, | Case No.__________ MOTION FOR APPOINTMENT OF COUNSEL, SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION. 18 U.S.C. § 3006(A) |

TO: THE ABOVE-ENTITLED COURT:

I.

1. COMES NOW, JAMES HAMMOND, Petitioner in the above-entitled cause, pursuant to 18 U.S.C. § 3006(A), and moves this Honorable Court for the appointment of counsel to assist him to further investigate and litigate his claims now pending before this court.

2. This motion is based upon the forthcoming facts, memorandum of points and authorities, the attached declaration of petitioner, as well as all additional papers and pleadings currently on file in this matter.

///

II.

STATEMENT OF FACTS

3. Petitioner is currently incarcerated in the California Department Of Corrections located at Centinela State Prison, California.

4. Petitioner lacks any meaningful sources of income to utilize at employing the services of experienced legal counsel, who can appropriately litigate and/or further investigate the claims now pending before this court.

5. Petitioner's current Department Of Corrections (CDC) status as a level IV inmate, has him housed among argubly the worst managed prisons in the states prison system. Where he normally faces an environment filled with perpetual lock-downs due to no fault of his own. However, lock-downs drastically impair his access to the prison law library. And, impaired access here means he's permitted even less time at an already severally limited period of access to the necessary study and research materials required to facilitate and/or properly prepare to meet his burdens under federal procedural statutes, rules of court and rules of civil procedure, all of which are fundamentally necessary and critically important to his attempts to proceed forth toward further investigate his claims, discovery, and to obtain certain types of material evidence that petitioner believes the Respondents may have, or have access to.

6. It is petitioner desire to fully pursue the actions and relief sought as originally filed in the above-entitled cause. However, as a result of his limited education, and absolutely no training at law, his reading and comprehension level is sufficient to aid him in gaining access to the prison law library, and once there, he slowly developes an appreciation for the legal case law, but more importantly, petitioner cannot seem to form an appreciation for, nor grasp the "legal significants" of how case cites, codes, statutes and other

equally important legal publications are applied to his case.

7. Thus far, he has been forced to rely solely upon the limited knowledge of fellow inmates, and chance encounters with prison library clerks who are also untrained at law, and who may know enough to point him toward the correct legal forms if it applies to his situation. With the aforementioned types of assistance and a little "luck," petitioner has been fortunate enough to file a habeas corpus petition establishing just enough showing to draw a favorable first response from this and lower courts. However, a more complete review of the record in the above-entitled cause will reflect and support that, there is a much broader application for relief petitioner could have brought before this court had he fully understood the legal significants of attaching those additional claims along with those now pending before this court.

## III.

## REASONS THE COURT SHOULD APPOINT COUNSEL

8. Petitioner is financially unable to employ the services of experienced legal counsel; (See forma pauperis application already on file, or the one attached herewith.)

9. The issues raised in this matter are all very complex, because of that it becomes increasingly difficult for petitioner to understand how best to proceed in bring these claims to final resolution.

10. Petitioner may have additional unexhausted claims, and/or facts and evidence which are sure to broaden the scope of those claims now properly before the court, and in joinder, the additional claims, and/or fact and evidence will enhance the meritorious position of petitioner's original claims at no prejudice to the Respondents.

11. The Antiterrorism And Death Penalty Act of 1996, its deadlines and requirements, could cause greater complications for petitioner as a "Pro Se" litigant un-trained at law.

12. The interest of justice, and the economy of judicial resources as a whole, would best be served by appointing counsel in this case to assist petitioner, by ensuring that in his one and only opportunity to litigate before this court under the (AEDPA), petitioner application will then included all of his cognizant claims in a manner which will give this court jurisdiction to either grant or dispose of same as found to be appropriate after a full review and consideration by this court.

DATED: 06/10/08

RESPECTFULLY SUBMITTED BY:

[signature]

///

///

///

## MEMORANDUM OF POINTS AND AUTHIRITIES

## ARGUMENTS

13. Petitioner points out that there is a clear statutory authority under which the District And/Or Circuit Courts may appoint counsel to assist an indigent Pro Se litigant in bringing claims before the court; 18 U.S.C. 3006A(a)(2)(B), See also Weygandt V. Look, 718 F.2d 952, 954 (9th Cir. 1983) holding that in light of petitioner's sentence, and in the interest of justice, the court determined that the appiontment of counsel was required. Also Norris V. Wainwright, (1977) 588 F.2d 130, 133-34; (fundamental fairness is the test by which the decsision to appoint counsel rest.)

14. Anther primiary consideration is the right of every litigant, rich or poor, to equal consideration before the courts; Coppedge V. United States, (1962) 369 U.S. 438, 456. Even without statutory authority, federal courts in a proper situation or prevailing circumstances of a case, may appoint counsel to assist an indigent state prisoner under the courts supervisory powers and in sound discretion; McNabb V. United States, (1943) 318 U.S. 332, 346-47; See also superviosory powers of the federal courts, 76 Harv. L. 1656.

15. Some courts hold that the appointment of counsel is not necessary "unless the circumstances are such tat counsel would be vital to attaining due process, or access to courts." Eskridge V. Rhay, (1965) 345 F.2d 778, 782; also Anderson V. Heinze, (1958) 258 F.2d 479, 482-84; Dillon V. United States, (1962) 307 F.2d 445, 447, Bonds V. Smith, (1977) 430 U.S. 817, 823-32.

16. Petitioner had demonstrated above that, the prisons perpetual lockdown status impairs his access to the law library, which may itself riase to the level of a denial of access to courts, notwithstanding that particular cause, the nature of the claims raised are complex and beyond his abilities at

law. In addition, he asserts that in order to file a reasonably cognizant application to receive due process, one must first have some semblance of knowledge in legal procedures and rules of court, or at the very minimum, access to those who in fact do, and who are willing to aid him in the complicated process of investigating his entire court record in order that he press forth only the meritorious claims, an undertaking not easily handled by experenced lawyer's, let alone other untrained convicted felons.

17. Still, the question to appoint counsel lay solely in the discretion of the court, and that sound discretion requires that counsel be appointed in at least some cases. United States V. Wilkens, (1964) 338 F.2d 404, 406; United States V Wilkens, (1960) 281 F.2d 707, 715. May entanglements and unnecessary delays and expenses to the judiciary and parties may be avoided by the appointment of counsel; Taylor V. Pegelow, 335 F.2d 147, 150. At least one court has viewed in context of habeas corpus that, "unless the application can be dismissed summarily, counsel should be assigned to assist the improverished lay prisoner." Cullins V. Crouse, (1965) 348 F.2d 887, 889.

18. In the case now at bar, petitioner has demonstrated that, (i) he is indigent, and (ii) his pleadings previously filed with this and courts below, will no doubt attest to the fact that he does not fully understand the legal significants of how statutes, codes, and other legal precedents attaches to his case in order to give this court jurisdicition to review his claims; and (iii) that in the interest of justice, and for sake of judicial economy, this cause will best be served if the court appointed counsel; finally, to do so would not create undue prejudice to the Respondents.

///

///

///

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, and any others deemed appropriate by this court, petitioner prays the court will grant the instant motion and appoint counsel to further investigate, and assist with pursuing petitioners meritorious claims as articulated above.

**DATED:** 06/10/08

## VERIFICATION

I, JAMES HAMMOND, verify that I am the petitioner in the attached action entitled Motion For Appointment of Counsel. That, all facts allegde therein the attached document, not otherwise supported by citation to the record, exhibits or other documents, are true of my own personal knowledge.

I declare under the penalty of perjury, under the laws of the state of California, that the foregoing is both ture and correct, and that this declaration and motion was executed at, Imperial, California, on this, 06/10/08.

PETITIONER/DEFENDANT IN PRO SE
JAMES HAMMOND

///

///

///

| Short Title: WRIT OF HABEAS CORPUS | Court Case No: |
|---|---|

# Proof of Service By Mail

I am over the age of 18 and a party/not a party (mark one out) to the cause.

I am a resident of or employed in the county where the mailing occurred. My residence or business address is (specify): JAMES HAMMOND
CENTINELA STATE PRISON - (I.D. # F03604)
2302 BROWN ROAD
P.O. BOX 921
IMPERIAL, CA. 92251

I served the attached: Habeas Corpus Petition / Request for Counsel

By enclosing true copies in a sealed envelope addressed to each person whose name and address is given below and depositing the envelopes in the United States mail with the postage fully prepaid. in the County of Imperial.

Date of deposit: 06/10/08, ~~2005~~

NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

US District Court
880 Front Street # 4290
San Diego, CA 92101-8900

California Attorney General
110 West 'A' Street # 1100
San Diego. CA 92101-3702

I certify under penalty of perjury that the foregoing is true and correct.

DATE: 06/10/08

JAMES HAMMOND
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF DECLARANT)

COPY OF CURRENTLY PENDING STATE HABEAS PETITION

Petitioners previously filed MOTION FOR STAY AND ABEYANCE filed on 6-7-08 was filed prematurely and Petitioner requests this court to file instant 28 USC § 2254 Petition forthwith and then allow petitioner to file his MOTION for STAY again on June 24 2008 due to it being filed prematurely.

JAMES HAMMOND
Petitioner IN PRO SE

# Court of Appeal

FOURTH APPELLATE DISTRICT
Division One
750 B Street, Suite 300
San Diego, CA 92101
www.courtinfo.ca.gov/courts/courtsofappeal
(619) 645-2760


June 06, 2008

RE: In re JAMES HAMMOND, JR. on Habeas Corpus.
**D053151**
**San Diego County No. SCN186835**

Dear Petitioner:

Your petition for writ of habeas corpus has been received and filed on June 5, 2008, and assigned case number D053151. It is currently pending before the court. You will be notified of the court's decision once it has been rendered.

Please notify the court should you have a change of address.

STEPHEN M. KELLY, CLERK

BY: Joan Cook
Deputy Clerk

MC-275

Name JAMES HAMMOND
Address 2302 BROWN RD
PO BOX 731
Imperial CA 92251
CDC or ID Number F03607

Superior Court of SAN Diego
North County Division
(Court)

| | |
|---|---|
| JAMES HAMMOND<br>Petitioner<br>vs.<br>DISTRICT Attorney<br>Respondent | PETITION FOR WRIT OF HABEAS CORPUS<br><br>No. ______<br>(To be supplied by the Clerk of the Court) |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.
- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.





American LegalNet, Inc. www.USCourtForms.com

This petition concerns:

- [X] A conviction
- [ ] Parole
- [ ] A sentence
- [ ] Credits
- [ ] Jail or prison conditions
- [ ] Prison discipline
- [ ] Other *(specify)*: ____________________

1. Your name: JAMES HAMMOND
2. Where are you incarcerated? Centinela STATE PRISON
3. Why are you in custody? [X] Criminal Conviction [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").
PIMPING & PANDERING 266 H & I

b. Penal or other code sections: 266 H & I

c. Name and location of sentencing or committing court: SAN DIEGO County COURT NORTH COUNTY
325 MELROSE VISTA CA 92083

d. Case number: SCN 186835 D047458

e. Date convicted or committed: 08/25/2005

f. Date sentenced: 10/31/2005

g. Length of sentence: 26 YEARS 8 months

h. When do you expect to be released? 1/10/2026

i. Were you represented by counsel in the trial court? [X] Yes. [ ] No. If yes, state the attorney's name and address:
GEORGE W. PETERSON
410 MELROSE DR SUITE 200 VISTA CA 92083

4. What was the LAST plea you entered? *(check one)*

[X] Not guilty [ ] Guilty [ ] Nolo Contendere [ ] Other: ____________

5. If you pleaded not guilty, what kind of trial did you have?

[X] Jury [ ] Judge without a jury [ ] Submitted on transcript [ ] Awaiting trial

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

SHACKLING WAS PREJUDICIAL SO MUCH THAT IT DENIED ME A FAIR TRIAL

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

PETITIONER WAS SEEN BY TWO JURORS ON SEPERATE OCCASSIONS BEING SHACKELD WITH (HANDCUFFS & CHAINS) ON SEVERAL OCCASIONS I WAS SEEN IN SHACKELS I INFORMED THE JUDGE AND TRIAL ATTORNEY. AFTER INFORMING THE COURT, IT HAPPEND AGIAN I WAS PREJUDICIDE BY THE JURY & TRIAL COUNSEL WAS INEFFECTIVE BY NOT OBJECTING TO THE POINT JURY SEEING ME IN SHACKELS SEE RECORD TRANSCRIPTS / CLERKS TRANSCRIPTS (PG 398 LINE 9) RT VOL 2 PAGE 42 LINE 25-28) RT VOL 2 PAGE 41 LINE 11-24 RT VOL 3 PG 167 LINE 17-23, BY NOT OBJECTING I DID NOT TAKE THE STAND

SEE PAGE 2-11

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

(R.T. VOL II PG 42 LINE 25-28) (R.T. VOL II PG 41 LINE 11-24) CALJIC 1.04. PEOPLE V DURAN 1976 16 CAL 3d 282. 292 127 CAL RPTR 618. 624 545 P2d 1322 1328 4 CAL APP 4th 1107, 1116-1117 6 CAL RPT 2. (PEOPLE V MELVIN SIMMONS JR 143 CAL APP 4TH 256). (PEOPLE VS ANDERSON 25 CAL 4th PG 594)

1. THE SHACKLING WAS PREJudical SO MUCH THAT IT DENIED HIM A FAIR TRIAL (Judical error)

UNLESS THE RECORD AFFIRMATIVELY SHOWS THAT THE JURY SAW THE RESTRAINTS WE BELIEVE THE ERROR IS NOT CONSTITUTIONAL ERROR. AND IT SHOULD BE THEREFORE TESTED UNDER THE WATSON TEST. (INFRA 1829) ON THE OTHER HAND THE COURT HELD EVIDENCE ESTABLISHING THAT THE JURY SAW THE RESTRAINTS MEANS THAT THE ERROR RISE TO THE LEVEL OF CONSTITUTIONAL ERROR TO BE TESTED UNDER THE CHAPMAN TEST (INFRA P. 1830) PEOPLE V JACKSON (1993) 14 CAL. APP 4th 1818, 1827-1830. THE PETITIONER BRINGS CLARITY TO THE SITUATION BY THE TRIAL TRANSCRIPTS SEE R.T. VOL. 2 pg 42 LINE 25-28

"25 THE COURT: ALL RIGHT. I-I- FRANKLY I--I
26 AGREE WITH THE DEFENSE COMMENTS THAT I dont Think its-
27 The Jurors ARE SO NAIVE That they dont Believe that the
28 DEFANDANT HAS BEEN IN CUSTODY. BUT HE IS DRESSED OUT AN IN.

LOOKING AT DEFENSE COMMENTS PER THE REPORTERS TRANSCRIPTS THE READER SHOULD ACKNOWLEDGE THAT "DEFENSE COMMENTS did NOT INSINUATE THAT THE JURY WAS NAIVE NEITHER did COUNSEL OKAYED THE SITUATION OR CIRCUMSTANCE. COUNSEL LEFT THE WISDOM TO THE COURT. "VOL 2 R.T. PG 41

11 NOW WE ALL KNOW - AND I DONT THINK THAT I SPEAK OUT
12 OF TURN IN SAYING THAT EVERYBODY THAT COMES TO JURY DUTY
13 IS AWARE THAT PEOPLE WHO ARE ON TRIAL FOR CRIMES ARE
14 INVARIABLY IN CUSTODY UNLESS THERE OUT IN THE HALL WITH
15 THEIR ATTORNEYS. THATS COMMON SENSE AND THATS EVERYDAY
16 KNOWLEDGE. ATTORNEY KNOW IT. AND THE LAW ENFORCEMENT KNOWS
17 IT. THE COURT KNOWS IT AND THE DEFENDANT KNOWS IT

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)
S 34769

18) BUT WE TRY VERY HARD TO GUARD AGIANST THAT. AND SADLY
19) IT OCCURED. UNFORTUNATLEY IN THIS CASE AND IN THIS
20) COURT ROOM. AND it WAS This MORNING.
21) I dont Know THAT WE WANT TO MAKE MORE OF IT BY
22) FURTHER EMPHASIZING IT TO THE JURY. BUT I OFFER TO THE WISDOM
23) OF The COURT WITH RESPECT TO What WE MIGHT do IN TERMS OF
24) Addressing IT OR NOT Addressing IT AT THIS Time.

HERE COUNSEL (TRIAL) EMPHATICALLY Told The Court We TRY HARD TO GUARD AGIANST IT (JURY SEEING SHACKELS) LINE 18. AS it IS Well Known IF THE RESTRAINTS ARE IN VIEW OF THE JURY The COURT HAS A SUA SPONTE DUTY TO INSTRUCT The JURY That The RESTRAINTS HAVE NO BEARING ON Determination OF The DEFENDANTS GUILT SEE CALJIC 1.04, PEOPLE V DURAN (1976) 16 CAL 3d 282. 292 127 CAL RPTR 618, 624. 545 P 2d 1322. 1328

AGIAN FOR CLARITY. SUA SPONTE PER BLACK LAW DICTIONARY Delux 7th Edition states: LATIN OF ONES OWN ACCORD Voluntarily without prompting or suggestion: ON its OWN motion < the COURT TOOK NOTICE THAT it LACKED JURISDICTION OVER The CASE (Example)

THE QUESTION PRESENTED TO The Reviewer IS:

WAS THE TRIAL COUNSEL SO experienced That He knew that the COURT HAD A SUA sponte DUTY TO INSTRUCT on the SHACKLING ISSUE? This Could Be Very True But IF We look At The TRIAL Counsel In its OWN motion Admitted to His own Ineffectivness OF COUNSEL ON PAGE 401 OF The Clerks TRANSCRIPTS which IS A MOTION FOR A NEW TRIAL On LINE 14 on PAGE 401 "The Defendant is Entitled To A New TRIAL BECAUSE DEFENSE COUNSEL FAILED TO Timely AND Properly object AND DEMAND A MISTRIAL TO THE EVENTS FULLY SET FORTH AND FULLY



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)
5 34769

DISCUSSED IN PART III On PAGE 8 OF THE NEW TRIAL MOTION/ Clerks TRANSCRIPTS PG. 398 ON PAGE 398 OF CT LINE 9 THE Attorney STATED AS FACT on two seperate OCCASSIONS, AND ON SEPERATE AND NOT CONSECTIVE DAYS, A JUROR OR JURORS Were Permitted TO see MR HAMMOND Being SHACKED (With CHAINS) AND HANDCUFFS).

In THE ABOVE VERBIAGE OF THE TRIAL COUNSEL own motion HE Admits He Failed To object That he DID NOT object AND HE Should HAVE.

TWO STEPS FOR DETERMING THE ADEQUACY OF COUNSEL: DEFENDANT MUST SHOW THAT TRIAL COUNSEL FAILED TO ACT IN A MANNER TO BE EXPECTED OF REASONABLY COMPETENT ATTORNEYS Acting AS DILIGENT Advocates In Addition (HE) Must Establish THAT COUNSEL ACTS OR OMISSIONS RESULTED IN THE WITHDRAWL OF A POTENTIALLY MERITOUS DEFENSE PEOPLE V POPE (1979) 23 CAL 3d 412, 423, ON PAGES 398-400 THE TRIAL COUNSEL PUT THE BLAME ON THE JURORS AND THEN Cites CALJIC 0.50 SO AS TO THROW OFF THE BLAME ON HIS FAILURE TO object. And the Courts PERSONNEL Failure TO Secure the COURT After proceeding Are Terminated For the DAY CALJIC 0.50 READS "you must NOT Converse Among Yourselfs or with anyone else, on any subject Connected with the TRIAL, EXCEPT WHEN All The Following Conditions Exist. (A) The CASE Been Submitted To You For your DECISION By the COURT Following Arguments By Counsel AND JURY Instructions. (B) You are DISCUSSING THE CASE With A Fellow JUROR And (C) All (12) JURORS AND No other PERSON ARE PRESENT IN THE JURY DELIBERATING ROOM.

Above This Argument TRIAL COUNSEL Cites Penal Code 1181(3) Permits The COURT TO GRANT A NEW TRIAL when JURY

HAS BEEN Guilty OF ANY MISCONDUCT BY WHICH A FAIR And DUE Consideration OF the Case has been presented. THIS Contention IS NOT PERSUASIVE ENOUGH OR CONVINCING Because (1) The Judge Never even Called the Jurors who SAW petitioner TO INDIVIDUally ADMONISH Them on what they SAW NOR to Give INQUIRY DID THey DISCUSS It With other Jurors Would It ~~effect~~ their OPINION OR Verdict OF the CASE. But what is even more DISTURBING of the Attorney and the Judge is Attorney Peterson DID NOT REQUEST CALJIC 1.04 This Must Be Addressed BY the Reviewing Court Because it encompasses This Violation IN A MYRIAD OF WAYS, Number 1 the Court HAS A Sua Sponte Duty To Give the Instructions. without a Shadow of Doubt The Court Should have Given the Instructions. CALJIC 1.04 READS

"THE FACT THAT PHYSICAL RESTRAINTS HAVE BEEN PLACED ON DEFENDANT MUST NOT BE CONSIDERD BY YOU FOR ANY PURPOSE. THEY ARE NOT EVIDENCE OF GUILT AND MUST NOT BE CONSIDERD BY YOU AS EVIDENCE That He OR SHe IS more Likley to Be Guilty Than NOT GUILTY, You must NOT Speculate As to Why Restraints Have Been Used in determing The Issue IN the CASE. DISREGARD This matter entirely"

THE NOTE STATES: If The DEFENDANT HAS BEEN RESTRAINED But the RESTRAINTS ARE CONCEALED FROM the JURORS VIEW do NOT GIVE This INSTRUCTION unless REQUESTED By defendant. IF The RESTRAINTS ARE IN VIEW OF The JURY That the RESTRAINTS HAVE NO BEARING on the Determination of the Defendants Guilt. (People V DURAN (1976) 16 CAl 3d 282, 292 [127 CAL Rptr 618, 624 545 P. 2d 1322, 1328] People V GIVAN (1992)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

4 CAL App 4th 1107. 1116-1117 [ 6 CAL RPTR 2d 339 ] IF THE DEFendant IS SHACKLEd OR RESTRAINED, THE COURT RECORD MUST Set FORth Facts JustIFYING This Action.

THE COURT NEVER GAVE A REAL JUSTIFICATION FOR THE ERROR That Happened Twice. SEE R.T Vol 3 pg 164 LINES 16-28 and pg 165 LINES 1-4 (FOR the FIRST Time) ALSO THE COURT STATED on page 167 VOL 3 OF The Reporters TRANSCRIPT. LINE 17 THE COURT WELL I THINK THEY do Have merit IN THE
LINE 18 SENSE That - WE ARE All Concerned about what JurorS see
LINE 19 AND WHAT JURORS Feel. I Certainly will Take YOUR
Line 20 REPRESENTATION THAT THERE WASNT Anything Intentional. I
Line 21 CAnt BELIEVE That There Would have Been
Line 22 were going to make effort From Here on out. We
Line 23 HAVE Blocked the windows to the COURTROOM As you can see

From the ABOVE VERBIAGE We must RAISE Question In the mind why the JUDGE IN THIS CASE WERE THE DEFENDANT OBJECTED AND HE TOOK NOTICE OF ERRORS NOT ONLY IN THE CIRCUMSTANCE OF THE EVENT concerned AS PETITIONER. One The Court HAS Been there FOR DECADES. Two PLENTY OF CASES HAVE Been Tried There, Three The Court Room staff Knew of the Harm BECAUSE Of the Multitude Of CASES TRIED IN the COURT RAISES SUSPICION As to the OFFENCE MR. HAMMOND IS CONVICTED ON PIMPING A DEGRADING ACTIVITY. PETIONER BELIEVES That The LONGEVITY OF THE COURT BEING There AND The EXPERIENCE OF The D.A & the BAILIFF COUPLED WITH AN EXPERIENCE JUDGE Who took IN CONSIDERATION That what the JUROR'S SAW Was not Intentional. The fact Was that the INCIDENT happend. And it should have Been Corrected BY ADMONISHING the INDIVIDUAL JURORS



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

Who SAW The SHACKles, AND READING OF CALJIC 1.04 of the California JURY INSTRUCTION CODE. ON PG 170 OF VOL III OF the R.T. LINE 11-25 GAVE A REMINDER This Reminder WAS Vague AND DID NOT PIN POINT OR Correct the Problem of Jurors who had Seen Petitioner IN SHACKles. Coupled with the Fact that this Reminder could have been Given At A more Proper time with the other Instructions Yet CALJIC 1.04 WAS NOT EVEN CONSIDERD TO BE GIVEN. Vol 3 PG 170 LINES 11-25

The Court

" LADIES AND Gentlmen, I Just wanted to Appoloize FOR Keeping YOU Waiting. We did have some Legal issues that we had to deal with AND I try to Schedule Those with Enough Time. Obviously I'm Not Very Good at that So I apologize for keeping You Waiting Outside Two I want to Remind You that evidence in this CASE Upon which You will BASE YOUR Decision is Fact Presented From the Witness Stand through either the Exibits that are Presented And Recieved By the Court or By the testomony of Witness who Answer Questions Any other observation outside of the Courtroom or c Outside of the Witness Stand ARE NOT EVIDENCE AND - AND Should NOT AND Must NOT BE CONSIDERD BY YOU In Any of Your Rendering of Opion in This CASE OR Determination of the Facts.

ON LINE 21-25 The Court Instrued the Jury So AS To only Imply that inside Court observation ARE Included AS evidence. Since observation outside the



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

CourtRoom As Delienated in Line 21 Are Not Evidence As so inside CourtRoom Are if the Defedant is Inside CourtRoom. I walked in Court Room And see Shackles On Him this is evidence. This Observation was done by Seperate Jurors who were not Admonished or Questioned to wether it would effect there Perception of the defendants Guilt these two Jurors Could have bain in the Jury Diliberation Room So much to sway the verdict. In People Vs Melvin Simmons Jr 143 Cal. App 4th 256 the Court in its Conclusion of The Matter of Restraints Condemmed the Practice And Held As Opinon with the California Supreme Court which Stated "Possible Prejudice in the mind of Jurors, the Affornt to Human Decenty, the Disrespect for the Entire Judicial System which is incident to unjustifiable Use of Physical Restraints, As well as the effect Such Restrainst have on a defendant"

The Petitioner uses The Analysis in People Vs Simmons Jr. 143 Cal App 4th 256 In Simmons The Question Presented was Wether Physcial Restraints Impared the Fairness of Defendants Trial And Thus Caused Prejudice" (People Vs Anderson 25 Cal 4th At. P 596) In Answering that Question, the Critical Factors Are The Impact on the Defendant Ability to Particpate At Trial And The Potential Juror Prejudice. Id At P596.

As The California Supreme Court Explained in The Anderson Case Decided 2001 It Has Consistently Held that Courtroom Shackling Even if Error was Harmless If there ~~are~~ is No Evidence That... The Shackles Impaired or Prejudice The Defendant Right to

TESTIFY OR PARTICIPATE IN HIS DEFENSE.(PEOPLE VS ANDERSON) SUPRA AT 596 C. NO PREJUDICE WHERE NO EVIDENCE OR CLAIM That RestRaints Influenced Deffendants Decision not to testify. See People Vs Simmons JR 143 CAL APP. 4th 256. It should Be Noted that Petitioner DID Not testify For this very Reason.

Simmons JR SUPRA Further Cites: People Vs Hill 17 CAL 4th At P. 846 " Although the RECORD DOES NOT DISCLOSE The Jury Ever SAW OR Heard the Chains Restrains defendant, the use Of Such Restraints (assuming for Argument they were unjustified) Raises other possibilities OF PREJudice. SHAckles may Also Impair A Defendants Ability to Cooperate OR Communicate With Counsel The PAIN AND CONSEQUENTIAL BURDEN PLACED on the Body and MIND OF the Defendant Must also Be ConsiDered" THE SECOND KEY Factor IS THE IMPACT OF RESTRAINTS on the JURY PERCEPTION OF DEFENDANT (PEOPLE VS Anderson SUPRA) But IN Anderson the JURY WAS Admonish By the Judge And there was NO evidence that the JURY DISOBEYED the INSTRUCTIONS. the Present Case with Petitioner Hammond the JURY WAS not ADMONISHED OR INSTRUCTED This Equates to Judical ERROR The Potential Impact on TWO JURORS. ALSO CITED IN SIMMONS JR SUPRA: NEVERTHELESS WE EMPHASIZE AN AFTER The Fact ADMONITION IS NO Substitute FOR A Particularized Hearing AND Judical efforts to Keep ANY NEEDED RESTRAINTS AS UNOBTRUSIVE Possible. Both OF which are REQUIRED BY DURAN 16 CAL 3d At PP 291, 293. THIS AGIAN RAISES QUESTION AS TO WHY THE Judge AND HIS COURTROOM Staff DID NOT

HAVE THE WINDOWS COVERED SEE R.T. VOL 3 PG 1107 LINES 17-23. THE COURT STATED THAT "We're going TO MAKE EVERY EFFORT FROM HERE ON OUT WE HAVE Blocked The Windows To The Courtroom AS YOU CAN SEE". THESE FACTORS PETITIONER REITERATES AS TO THE COURT AND ITS ADMINISTRATION. (1) The Court has Been there for Decades. (2) Plenty of Criminal cases Have Been there. (3) The Courtroom knew of the Harm. The ~~[illegible]~~ Above Disclose Just What IS EVIDENT FROM THEM, THE COURT made An error AND IT WAS Prejudical BOTH TO the Petitioner AND THE JUROR AS STATED IN DECK VS MISSOURI (2005) 544 U.S. 622: STATES "SHACKLING undermines the PRESUMPTION OF INNOCENCE AND FAIRNESS OF FACT FINDING process" THE CALIFORNIA SUPREME COURT IN DURAN 16 CAL.3d AT P.90 SHACKLING AS AN AFFORDT TO Human Dignity" which can ferment Disrespect for THE entire JUDICIAL SYSTEM. THE CALIFORNIA Supreme Court Cited this FROM ILLINOIS V Allen (1970) 397 US. 337.344. FOR The Above Stated REASON THAT INCluded there own ADMITTANCE OF INEFFECTIVE Assistance OF COUNSEL FROM TRIAL COUNSEL. THE EVIDENT LACK OF PROTECTION BY the COURT Administration To ensure SHACKLES NOT TO Be Seen BY JURORS The LACK OF The Judge to do A Sua Sponte duty TO AT LEAST INSTRUCT the INDIVIUAL JURORS ONE the Situation OF The SHACKLING, The Mental impact OF the JURORS and DEFENDANT BEING ABLE TO TESITY

In a clear MENTAl STATE THESE Culmative Situation, Circumstances And effects Impaired THE Fairness OF Defendant TRIAL AND THUS CAUSED PREJUDICE" People VS. ANDERSON 25 CAL 4TH AT P. 596 For these Reasons IN Addition to the Petitioner Refusal To Testify Failure To Read 1.04 CALJIC Along with all the Above The Conviction must Be Reversed.

(2)

PETITIONER FURTHER CONTENDS THAT HIS CONVICTION MUST BE REVERESD DUE TO BOTH VIOLATION OF CALIFORNIA STATUTORY LAW PENAL CODE 1528 (a) + (B) AND CALIFORNIA & Constitutional LAW (ART. 1 Sec. 13 + 4th Amendment OF the Constitution.

There Be NO REASON TO Cite That Procedural due Process is the Conerstone OF OUR Judicial Process FOR This Reason there Have Been Constitutional Safe-Guards to ensure compliance with the Government entities and there Agents. As in the State of California "SHALL" means mandatory Penal code Per Penal Code ___ 1528: a) IF THE MAGISTRATE IS Satisfied OF The Existence Of The Grounds Of The Application OR That there is PROBALE CAUSE TO Believe Their existence. He must Issue A SEARCH Warrant Signed BY Him with his Name of office. To A Peace Officer In His County. Commanding Him forthwith to Search The Person or Place Named. For Property or things In His Custody Subject to order of the Court As Provided By Section 1536.

7. Ground 2 or Ground 2 *(if applicable):*

PETITIONER CONTENDS THAT HE NEVER DERIVED SUPPORT OR LIVED OFF the EARNINGS OR proceeds of another PERSON Prostitution

a. Supporting facts:

Petitioner owned Exotic escort agency were employees were Indepedent contractor each employee filed there own Tax Records each employe Filled out A contract stating that prostitution was PROHIBITED on no Time DID Petitioner Derive support of the earning of prostitution. Only the Agency Fee was Given To petitioner see Vol 3 RT Pg 287-288 Also R.T pg 990-991, 3RT pp 287-288 & 5RT P 563, 3RT PP 324-325 4RT 344-364 4RT P 392 SEE PAGE (12)-15

b. Supporting cases, rules, or other authority:

PENAL CODE 653.23

(B) THE MAGISTRATE MAY ORALLY Authorize A PEACE officer TO SIGN The Magistrate Name on A Duplicate original WARRANT. FOR the Purpose of this CHAPTER, And its SHALL Be Returned to the magistrate As provided FOR In Section 1537. In Such case the magistrate SHall enter on the face of the original warrant the exact Time of the Issuance of The warrant and SHall sign and File the original warrant and Duplicate warrant with the Clerk of the Court As provided FOR Section 1541

IT MUST Be SAid That The Petitioner MOVED FOR A 1538.5 BUT WAS denied The CHANCE TO SPEAK OUT IN COURT BY his LAWYER. 1528 IS A Procedural Safe Guard on the execution of warrants. When Procedural Safegaurds Are Ignored By Goverment Agents the Remedy is only that the Citizen Be freed Because of The Goverment Agents Disregard of the LAW This Reduces CORRUPTION OF THE LAW. It Should Be Noted 1528 (a) REQUIRES The signature of the magistrate In Fact the Absence of the Signature means That Probable CAUSE DID NOT EXIST. There is NOT A SIGNature OF The OFFICER Executing The Warrant. The PETITIONER Contends That IN order To Keep Confidence IN the Judical Process REVERSIBLE ERROR IS REQUIRED.

<u>PETITIONER CONTENDS THAT HE NEVER DERIVED SUPPORT OR LIVED OFF THE EARNINGS OR PROCEEDS OF ANOTHER PERSONS PROSTITUTION</u>

HERE ALL The GIRLS Filled OUT A CONTRACT Stating

THAT PROSTITUTION WAS PROHIBITED FROM KANN KANN EMPLOYEES. YET THIS CONTRACT WAS NOT ADDRESSED ON REPORTER TRANSCRIPTS VOL 5 pp 564-565 That he Kept $20.00 more Than The AGENCY FEE HERE ONLY a MAN OF PRUDENCE CAN SAY HOW DOES A man DERIVE SUPPORT AND MAINTAIN A LIVING ON $20.00 THIS IS A RIDICIOULOS ASSUMPTION In Fact it is Well Known that in ALL STRIP BARS There is NO AGENCY FEE. DANCERS WORK FOR TIPS They Pay The BAR FOR The TIME OR BOOTHS. Here Common Sense and Logic overide Assupintion and conjecture THE RESPONDENT Would Like the Reviewer to think that THE DEFENDANT LIVED OR DERIVED SUPPORT OR MAINTENCE IN whole OR In Part FROM The earnings OR Proceeds OF PROSTITUTION. Here we ASK THE REVIEWER FOR the Use OF REASON and Prudence. The WORD AGENCY MEANS Just That An AGENCY. The Defendant is the Agency He is the Sole Propietee. The Prosecution Would have made the JURY Think So. Agian it is Common Knowledge That girls WORK FOR Tips In BUSINESS Related OR Associated IN Strip dancing. Remember these GIRLS were acting on there own Accord Because once they Were Busted By UNDERCOVER agents they would Insinuate and Implicate the Petitioner FOR Any wrong doing that they themselve DID. To deter Themselves From Being ARRESTED OR JAIL

THE SECOND ELEMENT OF PIMPING READS

THE DEFENDANT LIVED OR DERIVED SUPPORT OR MAINTENCE IN whole OR In part From the earnings OR proceeds

of the other person's prostitution or from money loaned or advanced to or charged against that other person by any keeper or manager or inmate of a house or other place where prostitution is practiced or allowed.

Vol 3 R.T. pg 287-288 Naomi said Petitioner never discussed splitting the agency fee and never took any of her tips. This is cooberated with the Appellant defense at trial which even the D.A. knew. See R.T. Pg 990-991 Appelant was acquitted on counts 1 & 8 of pandering by encouragement as to Naomi Maddox and Randi C. Also acquitted on counts 9 & 10 as to Guadalupe L. It should be re-noted that Randi C. & Naomi M. both said Appelant was not interested in any money paid not concerning the agency exotic dancing fee. (3RT pp 287-288 & 5RT p563 Here the evidence contradict the verdict. Knowledge of a prostitute does not constitute pimping & pandering even if the Petitioner knew. He took no proceeds of the prostitution. even in fact the claim he took 20.00 over the agency fee misrepresent the evidence as Randi C admitted that she set up her own agency fee and even told this to Dective Mark Reyes and she would split the agency fee with Petitioner. (3RT pp 324-325; 4RT 344-364 Randi told the court she did not consider Appellant a pimp (4RT p392 The most part Petitioner did was supervision of a prostitute as defined in penal code 653.23

7. Ground 2 or Ground 3 *(if applicable)*:

PETITIONER IS ENTITLED TO LESSER OFFENSE Included Instructions IF element of Offense on which Instruction is Sought are Subject of Charged Offense And Factual BASIS Support Instructions

a. Supporting facts:

Petitioner whole Argument is that He Runs An Adult entertainment Business. Were As the only evidence to the whole Case is that They Believe Petitioner took 20% more of agency fee Petitioner Never Knew the girls were prostituting

See page 15-17

b. Supporting cases, rules, or other authority:

U.S. v Powell 932 F 2d 1337 9th Circuit
People V Sanchez 103 C.R 2d 698 24 C 4th 983-988 2001
653.23 Subd (d)
California Const Art VI # 13 19 CAl 4th 142 [77 CAl RPTR 2d 870] 960 P. 2d 1094. People V Breverman

653.23 SUPERVISION OF PROSitute
(a) IT IS unlawful FOR ANY Person to do Either of the following: (1) Direct, Supervise Recruit, OR otherwise Aid Another Person in the commission of A Violation of subdivision (b) of penal code 647 of subdivison (a) of Section 653.22 (2) Collect OR Recieve all OR part of the proceeds earned from AN Act OR acts of Prostitution Collect OR Recieve all OR part OR the proceeds earned From an act OR acts ~~of~~ prostitution commited BY another Person in Violation of Subdivision (b) of 647

(3) DEFENDANT IS Entitled To lesser offense Included Instructions If elements of offense on which Instruction is sought are Subject of charged offense And Factual BASIS Support Instruction U.S. Vs Powell 932 F.2d 1337 9th Circut

THE PETITIONER Would LIKE the READER TO REFLECT THAT The SAME elements IN 266 H ARE IDENTICAL IN 653.23 IN fact Penal code 653.23 Goes Into specific Acts Committed By the petitioner SUCH AS (b)(1) Repeately speak OR Communicate With another Person who is acting IN Violation of subdivision (B)(a) of Section 653.22. THESE Acts Appear IN the Reporters TRANSCripts consistently SHOW THESE ACTS JUST AS THEY Consisttly SHOW That petitioner NEVER COMPENSATED FOR Acts OF Prostitution Just The AGENCY Fee. Here one Factor is DISTINCT From Penal code 266 H But fit the Testimony OF BOTH DANCERS

THAT IT would only APPEAR THAT PETITIONER RECIEVES MONEY FOR ACTS OF PROSTITUTION BUT IN ACTUALLITY THE PETITIONER ALWAYS TOLD THE GIRL WHEN SHE INFORMED HIM "THATS ON YOU". HE ALREADY HAD CONTRACTS SIGNED BY DANCERS STATING THAT KANN KANN & SPICE GIRLZ DO NOT CONDONE PROSTITUTION. This is ALSO A REPEATED CONTENTION UP UNDER INEFFECTIVE ASSISTANCE OF COUNSEL.

"LESSER OFFENSE IS NECESSARILY INCLUDED IN GREATER OFFENSE IF EITHER THE STATUTORY ELEMENTS OF THE GREATER OFFENSE OR FACTS ACTUALLY ALLEGETED IN ACCUSATORY PLEADING INCLUDES ALL ELEMENTS OF LESSER OFFENSE WITH RESULTS THAT GREATER CANNOT BE COMMITTED WITHOUT ALSO COMMITTING THE LESSER" People V SANCHEZ 103 C.R. 2d 698, 24 C 4th 483 986 [2001]

PG 0010 OF C.T. COUNT 2 PIMPING ON OR ABOUT SEPT 6 2004 JAMES HAMMOND JR DID UNLAWFULLY AND KNOWING NAOMI M. TO BE A PROSTITUTE, LIVE AND DERIVE SUPPORT AND MAINTENANCE IN WHOLE OR PART FROM THE EARNINGS AND PROCEEDS OF SAID PERSONS PROSTITUTION AND FROM MONEY LOANED AND ADVANCE TO AND CHARGED AGAINST SAID PROSTITUTION BY A KEEPER, MANAGER AND INMATE OF A HOUSE AND OTHER PLACE WHERE PROSTITUTION AN ALLOWED IN VIOLATION OF PENAL CODE SECTION 266(H)(a) HERE THE STATUTORY ELEMENT OF CALJIC 10.70 PARALLEL WITH THE ACUSTORY PLEADING SEE CLERKS TRANSCRIPT 0165(pg) AS A MATTER OF FACT PENAL CODE 653.23 SUB(C) STATES NOTHING IN THIS SECTION SHALL PRECLUDE THE PROSECUTION OF A SUSPECT FOR A VIOLATION OF 266 H OR 266 I OR ANY OTHER OFFENSE

7. Ground 2 or Ground 4 (if applicable):

Ineffectiveness of COUNSEL

a. Supporting facts:

Attorney own Admission That He was ineffective

See Clerks Transcripts Vol 2 Page 409 Also page 395 of Clerks Transcripts

also see page 395-402 C.T. Trial counsel Failed to object to Shackels. uncharched offense by prosecution Attorney

See page 17-19

b. Supporting cases, rules, or other authority:

Charpenter vs Vaughn 296 F.3d 138

Strickland v Washington (1984) 466 US 688 80 Ed 2d 674, 104. Sct 2052

People vs pope 152 Cal Rptr 732

653.23 Subd (d) Shows that it is A Necessarily Included Offense of 266 H & 266 I of The California Penal Code. Trial court Has a Sua sponte duty to Instruct on Lesser And Necessary Included Crimes But that A Failure To Instruct was no Longer subject To the Automatic Reversal Standard embodied In Cal Const Art VI #13 Miscarriage of Justice 19 Cal 4th 142 [77 Cal Rptr 2d 870] 960 P. 2d 1094 People v Breverman Here the Elements of 653.23 + 266 H Were present In Their Totally Yet the Court made No Attempt To instruct for A Necessarily Included offense. It is A Sua sponte duty To Instruct on lesser And Necessary Included offense Yet this Duty was Not Fulfilled.

Ineffectiveness of Trial Counsel.

By His own Admission in His motion for new Trial Admitted that he was Ineffectiv and His failure To object on Numerous occassion Not Limited to his Failure To Respond to the Reprehensible Prosecutorial Misconduct. In Strickland vs Washington (1984) 466 US. 668. [80 L Ed 2d 674, 104 S.Ct 2052 There is a two Prong test the first prong Requires That the Trial Counsel Failed to act in a manner To Be expected of Reasonably Competent Attorney Acting As Diligent Advocates" In his own new-trial motion the petitioner Trial Attorney ~~[illegible]~~ stated on page 11 of the motion Line 22-24, or In the Clerks transcripts Vol 2 of 2 Page 409 that "a Reasonable Attorney would have

SEEN That. THE ABOVE LISTED EVIDENCE WAS NOT Relevant to prove the CHARGES AGAINST MR HAMMOND THE ABOVE LISTED WAS Things Such as Spontaneous & UnTimely DISCOVERY, WITH the failure to object Seeing Petitioner in Handcuffs on more Than one Occassion

THE TRIAL Counsel went on to SAY in the Same motion "The Second prong of the Strickland Test Requires That the Defendant was prejudiced By His Attorney Inadequate performance is ALSO met. ONCE The JURY See MR Hammond AS AN Predicatble and DANGEROUS PERSON The JURY will Think MR Hammond is Capable of Commiting Violent CRIMES agianst Anyone. Associating MR Hammond AS A dangerous man Reinforces The prosecution call for the JURY TO FIND MR HAMMOND Guilty of All Charges made agianst Him. Therefore Because the first And second PRong of Strickland Test is met MR Hammond is Entitled to A NEW TRIAL.

WERE RECORD DOES NOT ILLUMINATE BASIS for Challenged Acts OR omission: clam of Ineffective Assitance OF COUNSEL IS More Appropriately made in petition for Habeas Corpus were there is Oppurtunity ~~Everdence~~ IN A eveidence Hearing TO HAVE TRIAL Counsel fully Describe his OR Her Reason for Acting OR Failing TO Act IN a manner Complained OF Peoples Vs pope 152 CAL. RPTR. 732

TRIAL Counsel Admitted on pg 0395 of clerks Transcripts That He failed To object To Instructions

of proper or Untimiley Discovery (Also look to 395-402 CT Trial counsel failed to object to Jurors seeing Him in shackels. Trial counsel failed to object to the Introduction of spontaeous Gang evidence. Failure to object equates to Ineffective assistance of counsel

Petioner Brings to Light that Even Though This Court may call These error in Trial Harmless - the culmative effect can Result in Reversable and prejudicial error. Petitioner conviction was A Result of culmative errors of counsel I.E. errors that Although Not prejudical Individually. ARE cumulatively prejudical"

8. Did you appeal from the conviction, sentence, or commitment? [X] Yes. [ ] No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): Fourth Appellate District Divison ONE

b. Result Denied c. Date of decision:

d. Case number or citation of opinion, if known: D-047458

e. Issues raised: (1) INEffective Assistanste of Counsel

(2) Shackels

(3) Lesser Included

f. Were you represented by counsel on appeal? [X] Yes. [ ] No. If yes, state the attorney's name and address, if known: Barbara Smith PO BOX 25 Spring Valley CA 91976

9. Did you seek review in the California Supreme Court? [X] Yes [ ] No. If yes, give the following information:

a. Result Denied b. Date of decision: Unknown

c. Case number or citation of opinion, if known:

d. Issues raised: (1) Ineffective Assistance Of Counsel

(2) Shackels

(3) Lesser Included

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

N/A

b. Did you seek the highest level of administrative review available? [X] Yes. [ ] No.

*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: ____________________

(2) Nature of proceeding (for example, "habeas corpus petition"): ____________________

(3) Issues raised: (a) ____________________

(b) ____________________

(4) Result *(Attach order or explain why unavailable)*: ____________________

(5) Date of decision: ____________________

b. (1) Name of court: ____________________

(2) Nature of proceeding: ____________________

(3) Issues raised: (a) ____________________

(b) ____________________

(4) Result *(Attach order or explain why unavailable)*: ____________________

(5) Date of decision: ____________________

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result: ____________________

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

Problems with my transcript / Legal access to Law Libary

16. Are you presently represented by counsel? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known: ____________________

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☐ No. If yes, explain: ____________________

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court: ____________________

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 6/03/08

[signature]
(SIGNATURE OF PETITIONER)

| Short Title: Habeous Corpus | Court Case No: |
|---|---|

# Proof of Service By Mail

I am over the age of 18 and a party/not a party (mark one out) to the cause.

I am a resident of or employed in the county where the mailing occurred. My residence or business address is (specify): CENTINELA STATE PRISON - (I.D. # F03607)
2302 BROWN ROAD
P.O. BOX
IMPERIAL, CA. 92251

I served the attached: Petition of Habeas Corpus

By enclosing true copies in a sealed envelope addressed to each person whose name and address is given below and depositing the envelopes in the United States mail with the postage fully prepaid. in the County of Imperial.

Date of deposit: 6-03-2008, ~~2005~~

NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

San Diego County Superior
Court North County
325 Melrose DR
Vista ~~Court~~ CA 92081

District Attorney
330 W Broadway
San Diego CA 92101-3409

I certify under penalty of perjury that the foregoing is true and correct.

DATE:

James Hammond
(TYPE OR PRINT NAME)

James Hammond
(SIGNATURE OF DECLARANT)

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILING FEE PAID Yes ___ No ✓
IFP MOTION FILED Yes ___ No ✓
COPIES SENT TO Court ✓ ProSe

FILED
JUN 1 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

I (a) PLAINTIFFS

**James Hammond**

DEFENDANTS

**Almager, et al**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Imperial**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**James Hammond**
**2302 Brown Road**
**Imperial, CA 92251**
**F-03607**

ATTORNEYS (IF KNOWN)

**'08 CV 1051 JM NLS**

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**28 U.S.C. 2254**

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

CONTRACT
☐ 110 Insurance
☐ Marine
☐ Miller Act
☐ Negotiable Instrument
☐ 150 Recovery of Overpayment &Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153Recovery of Overpayment of Veterans Benefits
☐ 160 Stockholders Suits
☐ Other Contract
☐ 195 Contract Product Liability

TORTS — PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury- Medical Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR
☐ 710Fair Labor Standards Act
720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (13958)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

OTHER STATUTES
☐ 400 State Reappointment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State
☐ 890 Other Statutory Actions

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectmant
☐ 240 Tort to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☒ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 DEMAND $ Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE Docket Number

DATE 6/12/2008 ~~SIGNATURE OF ATTORNEY OF RECORD~~

R Muller

CR