**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES HAMMOND, Petitioner, v. V. M. ALMAGER, Warden, Respondent. | Civil No. 08-1051 JM (NLS) **ORDER: (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING PETITION WITHOUT PREJUDICE, AND (3) DENYING MOTION FOR STAY AND ABEYANCE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis and a request to stay the petition pending exhaustion of state judicial remedies.

**REQUEST TO PROCEED IN FORMA PAUPERIS**

According to his prison trust account statement, Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

/ / /

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Petitioner does not allege that he raised his claims in the California Supreme Court. In fact, he specifically indicates he did not seek review in the California Supreme Court. (*See* Pet. at 6-8.) Petitioner also indicates he currently has a petition for habeas corpus pending before the California Court of Appeal. (*Id.* at 4.) If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies. Thus, the Petition must be dismissed.

**MOTION FOR STAY**

Finally, Petitioner asks this Court to stay his Petition and hold it in abeyance pending the exhaustion of state judicial remedies (doc. no. 2). A Court may, in its discretion, stay a petition that contains both exhausted and unexhausted claims (a "mixed" petition) when there is good cause for the petitioner's failure to exhaust all claims in state court before filing. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). However, this Court is not faced with a mixed petition.

Because the Petition must be dismissed for failure to allege exhaustion as to *any* of the claims raised, the request to stay the petition is denied without prejudice. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.

**CONCLUSION**

For the above reasons, the Court **GRANTS** Petitioner's request to proceed in forma pauperis and **DISMISSES** the petition without prejudice for failure to allege exhaustion of state judicial remedies. Petitioner's motion for stay is **DENIED** without prejudice for the same reason. In order to have this case reopened, Petitioner must, **no later than September 1, 2008**, file a First Amended Petition which contains claims which Petitioner alleges have been exhausted in the state courts. *For Petitioner's convenience, the Clerk of Court shall attach a blank First Amended Petition form to this Order.*

**IT IS SO ORDERED.**

DATED: July 9, 2008

Hon. Jeffrey T. Miller
United States District Judge