**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES HAMMOND, Petitioner, v. V. M. ALMAGER, Warden, Respondent. | Civil No. 08-1051 JM (NLS) **NOTICE REGARDING POSSIBLE DISMISSAL OF FIRST AMENDED PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES** |

On June 12, 2008, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 along with a request to proceed in forma pauperis and a request for stay [doc. nos. 1-3]. On July 9, 2008, the Court granted Petitioner's request to proceed in forma pauperis but dismissed the action without prejudice for failure to allege exhaustion of state judicial remedies. The Court also denied the request for stay without prejudice. The Court instructed Petitioner that, in order to have his case reopened, he must, no later than September 1, 2008, file a First Amended Petition which cured the pleading deficiencies outlined in the July 9, 2008 Order. On August 25, Petitioner filed a First Amended Petition.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES AS TO EACH CLAIM RAISED IN THE PETITION**

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, raising four claims. Petitioner has not alleged exhaustion as to claims one, and four. (Pet. at 6, 9.) Having preliminarily determined the petition contains both

exhausted and unexhausted claims, the Court notifies Petitioner of the possible dismissal of his petition.

The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[1] *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings. *See Anderson*, 459 U.S. at 6.

Here, Petitioner states that claims one, and four have not been presented to the California Supreme Court. (Pet. at 6, 9.) He alleges claims two and three *have* been exhausted in state court. (*Id.* at 7-8.) Accordingly, the Petition appears to be "mixed." That is, the Petition contains both exhausted and unexhausted claims..

**PETITIONER'S OPTIONS**

To avoid the Court dismissing the petition on its own accord, Petitioner may choose one of the following options.

**i) First Option: Demonstrate Exhaustion**

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are likely unexhausted. If Petitioner chooses this option, his papers are due no later than **November 7, 2008.** Respondent may file a reply by **December 5, 2008**.

**ii) Second Option: Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (1982) (stating

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this Court no later than **November 7, 2008**. Respondent may file a reply by **December 5, 2008**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2] Filing a petition in federal court does not stop the statute of limitations from running. *Id.* at 181-82; *Frye v. Hickman*, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

**iii) Third Option: Formally Abandon Unexhausted Claims**

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **November 7, 2008**. Respondent may file a reply by **December 5, 2008**.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000)

/ / /

---

[2] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

(stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).[3]

**iv) Fourth Option: File a Motion to Stay the Federal Proceedings**

Petitioner may move to dismiss his unexhausted claims without prejudice and stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. *Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 134 F.3d 981, 986-88 (9th Cir. 1998); *Valerio v. Crawford*, 306 F.3d. 742, 770-71 (9th Cir. 2002) (en banc). If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **November 7, 2008**. Respondent may file a reply by **December 5, 2008**.

**CONCLUSION**

The Court **NOTIFIES PETITIONER THAT HE HAS FILED A PETITION THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS AND IT IS THEREFORE SUBJECT TO DISMISSAL**. If Petitioner fails to respond to this Order, the Court will recommend to the District Judge assigned to this case that the Petition be dismissed without prejudice.[4] *See Rose*, 455 U.S. at 522.

**IT IS SO ORDERED.**

DATED: September 9, 2008

Nita L. Stormes

Hon. Nita L. Stormes
U.S. Magistrate Judge

---

[3] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[4] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)-(2); *see also* footnote two of this Order.