# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HAMMOND,<br><br>        Petitioner,<br>v.<br><br>V.M. ALMAGER, Warden; M. SMELOSKY, Warden;<br><br>        Respondents. | Civil No. 08cv1051 JM (NLS)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 6] |

    Petitioner James Hammond, a state prisoner proceeding pro se, filed a habeas petition contesting his confinement. Petitioner seeks to appoint counsel because, he says, (1) Petitioner does not have meaningful access to the law library due to "perpetual lock-downs due to no fault of his own;" (2) he is not trained in the law; (3) he cannot afford to hire his own legal counsel; and (4) the issues in this case are very complex and Petitioner may not have been aware of all the possible claims he could have brought. The Court has considered Petitioner's request and **DENIES** without prejudice his motion to appoint counsel.

### Right to Counsel.

    The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). But financially eligible habeas petitioners may obtain counsel whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990).

    The interests of justice require appointment of counsel when the court conducts an evidentiary

1 hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728.  When no evidentiary hearing is necessary, appointment of counsel is discretionary.  *Id.*  In the Ninth Circuit, indigent prisoners are not entitled to appointed counsel unless counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29.

Petitioner asks for counsel because he does not have meaningful access to the law library due to lockdowns.  He says he cannot afford to hire his own legal counsel and is not trained in the law.  Petitioner argues that the issues here are particularly complex and that an attorney will be able to better articulate Petitioner's claims and arguments.

First, at this point in the case, the Court does not have any reason to set an evidentiary hearing, and denies appointing counsel for such a reason.  Second, the Court notes that Petitioner has sufficiently represented himself to date.  From the face of the petition, it appears that he has a good grasp of this case and the legal issues involved.  Also, at this point the issues do not appear so complex such that Petitioner cannot litigate them.  Under these circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel.  *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

**Petitions Filed by *Pro Se* Litigants.**

Federal courts highly protect a pro se petitioner's rights.  *Knaubert*, 791 F.2d at 729 (citation omitted).  The court must construe a pro se petition more liberally than a petition drafted by counsel.  *Id.*  It must also "scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient."  *Id.*  Even if the court accepts a state court's factual findings, it must draw its own legal conclusion regarding the legality of the incarceration.  *Id.*  The appellate court will review the district court's conclusion de novo.  *Id.*

The Court acknowledges that counsel can provide valuable assistance:  "An attorney may narrow the issues and elicit relevant information from his or her client.  An attorney may highlight the record and present to the court a reasoned analysis of the controlling law."  *Knaubert*, 791 F.2d at 729.  The Court, however, also notes that "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on  the state court record alone."  *Id.*

1  This Court will review the state court record independently, draw its own legal conclusion and
2 inform itself of the relevant law. Therefore, the additional assistance counsel could provide, while
3 significant, is not compelling.

4  Here, the "interests of justice" do not compel the appointment of counsel. Accordingly,
5 Petitioner's request for appointment of counsel is **DENIED** without prejudice.

6  **IT IS SO ORDERED.**

7 DATED: September 16, 2008

*Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge